UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR CASTRO LUCERO,

            Movant,

                                                    File No. 1:06-CV-720

v.

                                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

            Respondent.

_____/

## O P I N I O N

This matter comes before the Court on Movant Hector Lucero's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on January 29, 2005.

### I.

On October 26, 2004, Movant entered a plea of guilty in this Court to one count of reentry into the United States without permission after having been deported, in violation of 8 U.S.C. §§ 1326(a), (b)(2), and 1101(a)(43)(B).  On January 27, 2005, Movant came before the Court for sentencing.  At that time, he sought to withdraw his guilty plea.  The sentencing hearing was continued to March 7, 2005, at which time the motion to withdraw the plea was denied and Movant was sentenced to 100 months in prison and a $1,500 fine.  Shortly thereafter, Movant sought reconsideration of the sentence on the sole ground that he had

changed his attitude and approached the court with a "humble heart."  The motion was denied.

Movant appealed his sentence.  On appeal, he argued that his 1989 conviction for soliciting a minor to sell drugs was improperly considered by the sentencing court to be a drug-trafficking offense within the meaning of U.S.S.G. § 2L1.2(b)(1)(A), increasing his offense level by 8 additional points, from level 16 to level 24.  Because Movant made no objection below, the Sixth Circuit applied plain error review and upheld the sentence.

In his § 2255 motion, Movant claims that he was denied the effective assistance of counsel when his attorney failed to make an objection to the presentence report by challenging the calculation of his 1989 conviction as a drug-trafficking offense.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

2

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### III.

Movant contends that his attorney rendered ineffective assistance when he failed to object to the scoring of Movant's 1989 conviction as a "drug trafficking offense."  In *Strickland v. Washington*, 466 U.S. 668, 687-88  (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  *Id.*  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  The defendant bears the burden of overcoming the

4

presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi*, 90 F.3d at 135 (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

The Guidelines describe a drug-trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a

5

controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."   U.S.S.G. § 2L1.2, n.1(B)(iv).   The application notes state that drug-trafficking offenses "include the offenses of aiding and abetting, conspiring, and attempting, to commit such offense."   *Id.* n.5.  The Sixth Circuit previously has held that a conviction for solicitation under Florida law does not constitute a drug-trafficking offense.   *United States v. Dolt*, 27 F.3d 235, 238-39 (6th Cir. 1994). Florida law criminalizes "command[ing], encourag[ing], hir[ing], or request[ing]" another to commit an offense under Florida law.  FLA. ST. ANN. § 777.04(2).

On direct appeal, Movant argued that, applying the holding in *Dolt*, his conviction under Cal. Health & Safety Code § 11380 does not constitute a drug-trafficking offense under the Sentencing Guidelines.  Section 11380 of the California Health and Safety Code provides that "[e]very person . . . who solicits, induces, encourages, or intimidates any minor with the intent that the minor shall violate any provision of this article involving those controlled substances or who unlawfully furnishes, offers to furnish, or attempts to furnish those controlled substances to a minor shall be punished by imprisonment in the state prison for a period of three, six, or nine years."  *See United States v. Lucero*, No. 05-1353, slip op. at 5 (6th Cir. Aug. 22, 2006) (docket #51).  In other words, the provision may be violated by either soliciting a minor to distribute drugs or by furnishing a minor with drugs.  *Id.*

The Sixth Circuit concluded that  the trial court's treatment of a conviction under the statute as a drug-trafficking offense did not constitute plain error because, unlike in *Dolt*, the

6

California statute punished more than mere solicitation. *Id.* The court observed in dicta, however, that, had the California law applied only to solicitations, and had Movant properly objected below, the court would have been obliged to follow *Dolt*, notwithstanding persuasive criticism that *Dolt* was wrongly decided. *See Lucero*, No. 05-1353, slip op. at 7 (citing *United States v. Shumate*, 329 F.3d 1026, 1030-31 (9th Cir. 2003).

The Court is not persuaded that Movant's attorney rendered ineffective assistance of counsel by failing to object to the characterization of the California conviction on the basis of *Dolt*. As the Sixth Circuit's discussion indicated, application of *Dolt* to a statute other than that of Florida is highly fact-dependent. The Florida statute is a general solicitation statute applying to any violation of Florida law. The California statute, in contrast, prohibited two specific types of conduct related solely to drug-trafficking, at least one of which unquestionably constituted a drug-trafficking offense beyond solicitation. It therefore is highly dubious that *Dolt* would be extended to this circumstance, notwithstanding the Sixth Circuit's speculative dicta. Counsel reasonably could have concluded that Movant's interests were best served by focusing his objections on the age of some of the prior convictions and on Movant's acceptance of responsibility, rather than on disputing the nature of the California conviction. The Court therefore concludes that Movant has failed to overcome the "strong presumption" that counsel's decision not to object to the characterization of the California offense "falls within the wide range of reasonable professional assistance." *Strickland*, 466 at 689.

Moreover, even assuming Movant could demonstrate that counsel's performance was deficient, he fails to demonstrate the necessary prejudice.  The sentencing transcript makes clear that the Court carefully considered the Guidelines calculation in relation to the reasonableness of the sentence.  The Court firmly stated that, should the Sixth Circuit find that the offense level was incorrectly calculated, the Court would have departed upward to reach an appropriate sentence because the criminal history category of 6 significantly underrepresented the extent of Movant's criminal history.  (3/7/05 Sent. Tr. at 17-18.) Movant therefore has failed to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

Also pending is Movant's motion for transcript of first appearance and other relief (Docket #8).  Because the material in issue in the motion is irrelevant to the disposition of the § 2255 motion, the motion for transcript also will be denied.

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Although the Court has concluded that Movant's motion should be denied, it finds that his claim is not insubstantial within the meaning of 28 U.S.C. § 2253(c)(2). Accordingly, the Court will grant a certificate of appealability on Movant's claim of ineffective assistance of counsel.

An order consistent with this opinion will be entered.


Date:  _____June 1, 2007_____          /s/ Robert Holmes Bell_____
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE

9